IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEJUAN B. THORNTON-BEY,** | : | CIVIL ACTION NO. 1:21-CV-874 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **H. QUAY, WARDEN,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner DeJuan B. Thornton-Bey ("Thornton-Bey") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the Northern District of Illinois. (Doc. 1). For the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

**I.  Factual Background & Procedural History**

Following a jury trial in the United States District Court for the Northern District of Illinois, Thornton-Bey was found guilty of possession of a firearm by a felon, possession with intent to distribute a schedule I controlled substance in a public housing authority facility, and using and carrying a firearm in relation to a drug trafficking crime. (Doc. 5-2). On January 29, 2003, he was sentenced to a total of 387 months' imprisonment. (Id.) Thornton-Bey filed a notice of appeal with the Seventh Circuit Court of Appeals. (Id.) On October 30, 2003, the Seventh Circuit dismissed the appeal for want of prosecution. (Id.)

On July 15, 2008, Thornton-Bey filed a motion to vacate his sentence under 28 U.S.C. § 2255 challenging the sentencing judge's authority over him. (Id.) On January 26, 2009, the district court denied the § 2255 motion. Thornton-Bey v. United States, 2009 WL 203502 (N.D. Ill. Jan. 26, 2009). Although he appealed to the United States Court of Appeals for the Seventh Circuit, the Seventh Circuit declined to issue a certificate of appealability. Thornton-Bey v. United States, No. 09-1701 (7th Cir. Sept. 4, 2009).

On June 11, 2012, Thornton-Bey filed a second § 2255 petition challenging the authority of the United States Attorney who prosecuted him. On June 21, 2012, the district court denied the petition. United States v. Thornton-Bey, No. 1:12-CV-4535 (N.D. Ill. June 21, 2012). Thornton-Bey filed an appeal with the Seventh Circuit but then voluntarily dismissed the appeal. Thornton-Bey v. United States, No. 13-3698 (7th Cir. Dec. 31, 2013).

On April 14, 2014, Thornton-Bey filed a third § 2255 petition again challenging the United States Attorney's authority to prosecute him. The district court denied the petition. United States v. Thornton-Bey, No. 1:14-CV-2723 (N.D. Ill. Sept. 16, 2014). On appeal, the Seventh Circuit denied a request for a certificate of appealability and warned Thornton-Bey that he would be sanctioned or fined if he continued to file frivolous papers. Thornton-Bey v. United States, No. 14-3538 (7th Cir. June 9, 2015).

In 2016, Thornton-Bey sought authorization from the Seventh Circuit Court of Appeals to file a successive § 2255 motion based on the United States Supreme Court decisions in Johnson v. United States, 576 U.S. 591 (2015), and Welch v.

United States, 578 U.S. 120 (2016). See Thornton-Bey v. United States, 840 F. App'x 18, 19 (7th Cir. Mar. 15, 2021). On May 23, 2016, the Seventh Circuit authorized the district court to consider Thornton-Bey's claim that his sentence violated Johnson. Id. Upon review, the district court denied the § 2255 motion. Id. Thornton-Bey then filed an appeal to the Seventh Circuit again arguing that the district court lacked jurisdiction over his original proceedings. Id. at 20. The Seventh Circuit dismissed Thornton-Bey's appeal as frivolous and admonished that he would be sanctioned if he continued to pursue frivolous claims. Id.

In April 2016, Thornton-Bey filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, challenging the validity of the sentencing court's order pertaining to his monetary fine. We summarily dismissed the petition for lack of jurisdiction. Thornton-Bey v. Oddo, No. 16-CV-666 (M.D. Pa. May 11, 2016), appeal dismissed, No. 16-3009 (3d Cir. July 19, 2016).

In August 2017, Thornton-Bey filed a second § 2241 petition in this court, alleging that he was unlawfully detained based on the sentencing court's fraudulent judgment and commitment order. Upon preliminary review, we dismissed the petition for lack of jurisdiction. Thornton-Bey v. Oddo, No. 17-CV-1392 (M.D. Pa. Oct. 17, 2017), appeal dismissed, No. 17-3643 (3d Cir. Jan 25, 2018).

In the instant § 2241 petition, Thornton-Bey alleges that the federal government failed to obtain primary jurisdiction over him, and the Bureau of Prisons has no legal authority to detain him. (Doc. 1 at 2, 7, 8; Doc. 1-1 at 1-2; Doc. 6 at 2-3, 9). Specifically, he contends that the federal government "should have never received [him] from the State of Illinois" because the state court judge "had no

3

authority to relinquish a state['s] primary jurisdiction." (Doc. 1-1 at 2; Doc. 6 at 7). For relief, Thornton-Bey requests to be transferred back to the Northern District of Illinois "to resolve [his] 19 years illegal imprisonment." (Doc. 1 at 8). The petition is ripe for resolution.

## II.   Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); 28 U.S.C. § 2255(e)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to

4

meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Thornton-Bey's present claims fall within the purview of § 2255 because they challenge the validity of his sentence. He has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. § 2255. Thus, he can only bring a challenge under § 2241 if it appears that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Thornton-Bey has failed to meet this burden. His claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Thornton-Bey cannot seek further relief in this court simply because his § 2255 motions were unsuccessful. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Because Thornton-Bey failed to meet his burden of demonstrating that § 2255 is inadequate or ineffective to the challenge the legality of his detention, the § 2241 petition is subject to dismissal. The dismissal will be without prejudice to Thornton-Bey's right to seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(a) ("A prisoner in custody under

5

sentence of a court established by Act of Congress claiming . . . that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

### III.   Conclusion

We will dismiss the petition for writ of habeas corpus for lack of jurisdiction.[1] An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      September 24, 2021

---

[1] Even if this court had jurisdiction over the habeas petition, it is clear that Thornton-Bey failed to exhaust administrative remedies. Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Thornton-Bey concedes that he did not exhaust his administrative remedies. (Doc. 1 at 2; Doc. 6 at 10). He cannot avoid the exhaustion requirement by simply asserting that he regards the administrative remedy process as futile. (Doc. 6 at 10).