IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEJUAN B. THORNTON-BEY,** | : | CIVIL ACTION NO. 1:21-CV-874 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **H. QUAY, WARDEN,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner DeJuan B. Thornton-Bey ("Thornton-Bey"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"), initiated this habeas action pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the Northern District of Illinois. (Doc. 1). On September 24, 2021, the court issued a memorandum and order dismissing the habeas petition for lack of jurisdiction. (Docs. 8, 9). Thornton-Bey now moves for reconsideration of the September 24, 2021 memorandum and order. (Doc. 10). For the reasons set forth below, the court will deny the motion.

**I.** **Legal Standard**

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). A motion for reconsideration filed within Rule 59(e)'s twenty-eight day filing period is construed as a Rule 59(e) motion to alter or amend judgment, rather than as Rule 60(b) motion for reconsideration. See Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985); see also Holsworth v. Berg, 322 F. App'x 143, 146 (3d Cir. 2009).

Federal Rule of Civil Procedure 59(e) allows a party to move "to alter or amend a judgment." FED. R. CIV. P. 59(e). The scope of a Rule 59(e) motion is extremely limited and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). To prevail on a Rule 59(e) motion, the moving party "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of." Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) aff'd, 31 F.3d 1174 (3d Cir. 1994).

**II.    Discussion**

Because Thornton-Bey filed the instant motion within twenty-eight days after entry of the court's judgment, the court construes the motion for reconsideration as a motion filed pursuant to Rule 59(e).[1] Thornton-Bey moves to alter or amend the judgment on the following grounds: (1) the court incorrectly dismissed the habeas petition based on failure to exhaust administrative remedies; and (2) the arguments in the habeas petition show that the federal government failed to obtain primary jurisdiction over him. (Doc. 10 at 1-3).

---

[1] The court dismissed the habeas petition on September 24, 2021. (Docs. 8, 9). Thornton-Bey filed the instant motion for reconsideration on or about October 3, 2021 (Doc. 10), which was nine days after the dismissal of his petition.

2

First, the court did not dismiss Thornton-Bey's habeas petition based on failure to exhaust administrative remedies. Rather, in the September 24, 2021 memorandum, the court noted Thornton-Bey's claims fall within the purview of § 2255, and that a § 2241 petition cannot be entertained by the court unless a § 2255 motion is inadequate or ineffective. (Doc. 8). We found that Thornton-Bey failed to meet this burden and dismissed the petition for lack of jurisdiction. (Id.) We additionally observed that, even if the court had jurisdiction over the habeas petition, it appeared that Thornton-Bey failed to exhaust the BOP administrative remedy process. (Id. at 8 n. 1).

Second, Thornton-Bey presently argues that the federal government failed to obtain primary jurisdiction over him, and the BOP does not have legal authority over him. However, these contentions do not present any intervening change in law, the availability of previously unavailable evidence, or a clear error of law that would compel reconsideration of the court's dismissal of the habeas petition. Thornton-Bey set forth the same allegations in his habeas petition and simply disagrees with the court's determination that it lacks jurisdiction over the habeas petition.[2] (See Doc. 1 at 2, 7, 8; Doc. 1-1 at 1-2; Doc. 6 at 2-3, 9). Accordingly, the court will deny the instant motion for failing to satisfy the requirements of Rule 59(e).

---

[2] As stated in the September 24, 2021 memorandum, a potential remedy for Thornton-Bey's claims is an authorized second or successive § 2255 motion. (Doc. 8 at 5-6).

**III.	Conclusion**

We will deny Thornton-Bey's Rule 59(e) motion. (Doc. 10). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:	May 27, 2022